Gwendolyn Alsobrooks; Robbins & Keehn, APC, aka R & K, Appellants,

v.

Richard L. Logsdon, Appellee.

No. 99-55916.

BAP No. SC-99-01200-RyMaR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2002.

Decided March 21, 2002.

In re: Richard L. LOGSDON, Debtor.

Before PREGERSON, FISHER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Appellants Gwendolyn Alsobrooks and Robbins & Keehn, APC, appeal the order of the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") affirming the bankruptcy court's order holding them in contempt. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and we REVERSE.

The bankruptcy court entered a Dischargeability Order that discharged several obligations of Richard Logsdon, husband of appellant Alsobrooks, including those for "house repairs," but that expressly excluded "spousal support" payments from discharge. After that order issued, appellant Alsobrooks continued to accept a $269–per–month payment autho-

rized by the family court.[1] Although those monies were for house repairs, the family court had designated them as "spousal support." Logsdon moved the bankruptcy court to issue an order to show cause why Alsobrooks should not be held in contempt for violating the Dischargeability Order by her continuing to accept the $269–per–month payment. The bankruptcy court issued a Contempt Order holding appellants in contempt and sanctioning them.[2] The bankruptcy court denied appellants' subsequent motion for relief from the Contempt Order and the BAP affirmed, giving rise to this appeal.

We review civil contempt sanctions for an abuse of discretion, *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 283 (9th Cir. 1996), and review decisions of the BAP de novo. *In re Consol. Pioneer Mortgage Entities*, 264 F.3d 803, 806 (9th Cir.2001).

We reverse because the Dischargeability Order upon which the Contempt Order was founded was not sufficiently specific and clear to give rise to contempt. *See Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir.1996) ("If an injunction does not clearly describe prohibited or required conduct, it is not enforceable by contempt."). Both the bankruptcy court and the BAP acknowledged the existence of some ambiguity as to whether the $269–per–month payment was definitively discharged by the Dischargeability Order. As both courts recognized, that ambiguity was not resolved until the Contempt Order itself is-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The record indicates that no party took any action to lodge the Dischargeability Order in the family court or otherwise to inform the family court that the $269–per–month obligation had been discharged.

2. The bankruptcy court issued the Contempt Order ex parte, without providing notice to appellants and without issuing an order to show cause. *See* Fed. R. Bankr.P. 9020(b) (2000) (requiring notice). Appellants were, however, given an opportunity to respond to the Contempt Order after the fact by bringing a motion for relief from the Contempt Order. Because we reverse on other grounds, we do not address the propriety of this procedure.

sued. Appellants were held in contempt only for conduct occurring *before* the Contempt Order's clarification. We conclude that the Dischargeability Order did not meet the requirements of specificity and clarity to give rise to the contempt imposed.

The judgment of the BAP accordingly is REVERSED. Each party to bear its own costs.